7 F.3d 238
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joseph PAULUS, Plaintiff-Appellee,
v.
Bruce L. HOSTER, Defendant-Appellant.
 No. 92-3652.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 7, 1993.*
Decided Sept. 24, 1993.
 
 Before BAUER, Chief Judge, POSNER, Circuit Judge, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Bruce Hoster challenges the district court's decision enforcing a settlement agreement between Hoster and Joseph Paulus. He argues that the district court lacked personal jurisdiction over him. He offers no support for his contention that when served with process he was entering a special or limited appearance to defend against the suit. Similarly, his objection to the veracity of his ex-wife's affidavit is unsupported. Instead, the record is replete with evidence that Hoster was present in Wisconsin for a considerable period of time in the winter of 1990 and spring of 1991. The court properly exercised jurisdiction over Hoster based on in-state service of process. Burnham v. Superior Court of California, 495 U.S. 604 (1990); Fed.R.Civ.P. 4(f).
 
 
 2
 The district court judge restricted or rejected Hoster's requests for discovery because Hoster failed to comply with the Federal Rules of Civil Procedure, not because Judge Warren harbored some prejudicial bias against him. 28 U.S.C. § 455(a). We agree with the district court that "[w]hen Mr. Hoster's allegations against the Court are viewed in the context of th[e] proceeding as a whole, it is clear that they do not suggest any appearance of impropriety at all." (Order of June 4, 1992, R. 47) Thus, we find no error in the district court's rejection of his motion for recusal.
 
 
 3
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument". See Fed.R.App.P. 34(a) and Circuit Rule 34(f). Hoster filed such statement, but we deem oral argument unnecessary for resolution of this appeal. Accordingly, we decide the appeal on the basis of the record and Hoster's appellate brief